UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**LYDIA LEOS,**

    *Petitioner*,

v.                                        Case No. SA-22-CV-0574-JKP

**BEXAR COUNTY,**

    *Respondent*.

## MEMORANDUM OPINION AND ORDER

Before the Court is *Petitioner's Motion to Remand to State Court* (ECF No. 5). Petitioner filed the motion the same day the Court issued an Order to Show Cause (ECF No. 4) regarding jurisdiction. Following the court order and motion, Respondent filed an advisory regarding jurisdiction (ECF No. 6) and a response (ECF No. 7) to the motion. Petitioner has filed a reply brief (ECF No. 8). For the reasons that follow, the Court grants the motion to remand.

### I. BACKGROUND

Pursuant to Tex. R. Civ. P. 202, Petitioner filed a petition in state court to obtain pre-suit discovery to investigate potential claims "which she understands could be filed pursuant to 42 U.S.C. Section 1983." *See* Petr.'s Orig. Pet. (ECF No. 1-1) at 2. She moved the state court to allow "one pre-suit deposition on written questions of the Bexar County District Attorney's Office." *See id*. Pursuant to 28 U.S.C. §§ 1441 and 1446, Respondent Bexar County removed the state petition to this Court based upon federal question jurisdiction, 28 U.S.C. § 1331. *See* Notice of Removal (ECF No. 1) at 1-2.

Given the unusual nature of the removal, the Court issued its show cause order raising jurisdictional concerns sua sponte. *See* ECF No. 4 at 1. Petitioner moves to remand raising procedural as well as jurisdictional concerns. *See* ECF No. 5 at 3-6. Respondent recognizes a split of

authority regarding the removability of Rule 202 petitions and contends that it properly removed the petition to federal court and that this court has federal jurisdiction. *See*, *generally*, ECF Nos. 6 and 7. In reply, Petitioner maintains that this matter should be remanded. *See*, *generally*, ECF No. 8.

## II. JURISDICTION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Jurisdiction is essentially the authority conferred by Congress to decide a given type of case one way or the other." *Hagans v. Lavine*, 415 U.S. 528, 538 (1974). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

"Original jurisdiction over the subject matter is mandatory for the maintenance of an action in federal court." *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995). Parties "may neither consent to nor waive federal subject matter jurisdiction." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). The Fifth Circuit has long held that, under Fed. R. Civ. P. 12(h)(3), the federal courts "have the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). Even more pertinent, 28 U.S.C. § 1447(c), applicable to actions removed from state court, provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Respondent removed this case to this Court on the basis of federal question jurisdiction, 28 U.S.C. § 1331, because Petitioner stated that she was investigating a potential action under 42

U.S.C. § 1983. Petitioner has moved to remand. A party may move to remand a previously removed case. *See* 28 U.S.C. § 1447(c). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). The removing party has the burden to show "that federal jurisdiction exists and that removal was proper." *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014) (quoting *Mumfrey*, 719 F.3d at 397).

For federal question jurisdiction to exist, "the face of the complaint" must show "some substantial, disputed question of federal law." *Giannakos*, 762 F.2d at 1297 (citation omitted). Because plaintiffs are masters of their complaints, any "determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001) (citation omitted). Plaintiffs often have "a choice between federal and state law claims" and in those circumstances, they "may proceed in state court on the exclusive basis of state law, thus defeating the defendant's opportunity to remove." *Id*. (citation omitted). Therefore, "to support removal, the defendant must show that a federal right is an essential element of the plaintiff's cause of action." *Id*.

The parties present opposing arguments as to the removability of a 202 petition and whether federal jurisdiction exists over such a petition removed to this Court. After considering the arguments set out in the briefing, the Court finds that Petitioner has the better argument. Respondent has not carried its burden to show that this Court has jurisdiction over the removed matter. Nor has it shown that removal was proper.

Because, in the context of a motion to remand, the Court construes ambiguities "against

removal and in favor of remand to state court," a split of authority as to whether a viable cause of action exists must be resolved in favor of remand. *See Hill Country Villas Townhome Owners' Ass'n, Inc. v. Everest Indem. Ins. Co.*, No. SA-19-CV-0936-JKP, 2020 WL 373375, at *4 (W.D. Tex. Jan. 23, 2020) (omitting citations and internal quotation marks). While this legal principle certainly supports remand, the Court would find remand proper even without relying on ambiguity resulting from a split of authority.

Here, Petitioner has not filed a complaint or petition that asserts any substantial, disputed question of federal law. Her petition does not assert any claim or cause of action upon which a court could grant relief. Petitioner merely seeks pre-suit discovery under Texas procedure. That she investigates a potential action under § 1983 does not present a federal question at this point. This Court agrees that "a petition for discovery under Rule 202 does not constitute the filing of a civil lawsuit . . . [and] that a Rule 202 petition is not a 'civil action' removable under 28 U.S.C. § 1441." *See Kingman Holdings, LLC v. Everbank*, No. CV SA-14-CA-107-FB, 2014 WL 12877303, at *2 (W.D. Tex. Mar. 31, 2014); *accord McCrary v. Kan. City S. R.R.*, 121 F. Supp. 2d 566, 569 (E.D. Tex. 2000) (discussing Rule 202 in finding case was not removable until the plaintiff filed an original petition asserting claims). This is more than a procedural matter that may warrant remand for procedural non-compliance – the removal here touches upon the authority of the Court to even adjudicate any non-jurisdictional matter in this removed case. The Court finds particularly persuasive the following fairly recent summary from its sister court in the Northern District of Texas:

> Almost all of the Texas federal courts that have examined the issue have determined that a petition under Rule 202 is not a "civil action" as contemplated by Section 1441 and, thus, removal is improper and remand is proper. Some of the cases have focused on whether a Rule 202 petition is a "civil action" (usually finding it is not) and some have focused more on the "federal subject matter jurisdiction" prong (again, usually finding no federal subject matter jurisdiction when there is not even an actual claim or cause of action articulated yet to evaluate).

*Dondero v. Alvarez & Marsal CRF Mgmt., LLC (In re Highland Cap. Mgmt., LP)*, No. 19-34054-SGJ11, 2022 WL 38310, at *6 (Bankr. N.D. Tex. Jan. 4, 2022) (citing and discussing cases).

### III. CONCLUSION

Because Respondent has not carried its burden to show that removal was proper or that this Court has jurisdiction over the removed matter, the Court **GRANTS** *Petitioner's Motion to Remand to State Court* (ECF No. 5). By separate order, the Court will remand this matter to the 150th Judicial District of Bexar County, Texas, Cause Number 2022-CI-08126.

**IT IS SO ORDERED this 4th day of October 2022.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**